**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Merrill Stromer,<br><br>              Appellant,<br><br>v.<br><br>Michael W. Carmel, Chapter 11 Trustee; United States Trustee; and BioDlogics LLC,<br><br>              Appellees. | No. CV-15-01963-PHX-DGC<br><br>**ORDER** |

On August 14, 2015, the U.S. Bankruptcy Court for the District of Arizona entered an order confirming a reorganization plan for Stromer/Southwest Medical & Orthopedics LLC ("SSMO"), over the objections of SSMO's founder, Dr. Merrill Stromer. On October 1, 2015, Dr. Stromer filed a Notice of Appeal and an emergency motion to stay the order under Rule 8007(b) of the Federal Rules of Bankruptcy Procedure. Doc. 2. Pursuant to an order of the Court, Appellee and plan proponent BioDlogics ("BioD") filed a response (Doc. 6) and Dr. Stromer filed a reply (Doc. 7). The Court has considered the parties' briefing, and has determined that oral argument will not aid in its decision.[1] For the reasons set forth below, the Court will deny the motion to stay.

**I.   Background.**

In 2011, Appellant founded SSMO, a reseller of amniotic tissue products used by

---

[1] Appellee's request for oral argument is therefore denied. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

doctors to treat certain maladies. Doc. 2 at 2. On October 28, 2013, SSMO filed for Chapter 11 bankruptcy. Doc. 1 at 12. That filing listed SSMO's primary asset as accounts receivable in the amount of $1,050,867.85. Doc. 6 at 3. The filing also listed three unsecured creditors, with BioD, SSMO's former supplier, having the largest claim of any creditor at $1,567,250.00. *Id.* Appellant continued to operate SSMO as a debtor-in-possession until March 5, 2015, when, in response to an emergency motion filed by BioD, the bankruptcy court appointed a Chapter 11 Trustee. *Id.* at 13.

On July 9, 2015, the Trustee filed a complaint in bankruptcy court against Appellant, alleging, among other things, that he fraudulently transferred funds to himself, his ex-wife, and his other business entities in the year prior to his bankruptcy petition. *Reorganized Stromer/Southwest Medical & Orthopedic v. Stromer*, Adv. No. 2:15-ap-00593-GBN. The complaint sought approximately $2.46 million in damages. *Id.*

On August 14, 2015, the bankruptcy court issued an order confirming BioD's proposed reorganization plan for SSMO. Doc 1. The plan terminates all equity interests in SSMO and requires the Trustee to use the company's remaining assets – including its accounts receivable and the proceeds from any pending or potential legal claims – to satisfy SSMO's creditors. *In re Stromer/Southwest Medical & Orthopedic*, No. 2:13-bk-18727-GBN, Doc. 315. The plan became effective on September 17, 2015. Doc. 6 at 7.

**II.    Standard of Review.**

Rule 8007(b) of the Federal Rules of Bankruptcy Procedure provides that a district court may stay a bankruptcy court's order pending review. Like any other stay applicant, a party requesting a stay under Rule 8007 must show that she is likely to succeed on the merits, that she will be irreparably injured absent a stay, that a stay will not substantially injure other parties with an interest in the proceeding, and that a stay is not contrary to the public interest. *Nken v. Holder*, 556 U.S. 418, 434 (2009). If the applicant fails to establish irreparable harm, the Court may reject the application without considering the other factors. *See Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985).

### III. Analysis.

A party is not entitled to a stay unless she demonstrates that she is *likely* to suffer irreparable harm absent such relief. *Nken*, 556 U.S. at 434-35 (2009) (citing *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008)). Appellant argues that he will likely suffer irreparable harm if a stay is not granted because his appeal will be equitably mooted before the Court can rule on it, which will "wipe[] out, forever" his equity interest in SSMO. Doc. 2 at 7. BioD responds that Appellant's equity interest in SSMO is worthless and likely to remain so, and that there is little risk of Appellant's appeal being equitably mooted. Doc. 6 at 13.

BioD has the better argument. Appellant's equity interest in SSMO is worthless unless the company recovers enough from its accounts receivable and legal claims to become solvent. Appellant fails to explain why the company he took into bankruptcy just two years ago – and which he admits has "not done any business since . . . late 2013" (Doc. 2 at 2) – is likely to become solvent before the Court can render a decision on his appeal. SSMO's accounts receivable are valued at between $471,050 and $982,449, and its debts are valued at $2,063,351. *Id.* at 16-17. SSMO's debts exceed its assets by between $1,080,902 and $1,592,301. *Id.*

Appellant argues that SSMO's assets are sufficient to bring the company into solvency once the value of its $2.46 million claim against him is taken into account. Doc. 2 at 10. But as recently as July 28, 2015, Appellant asserted that this claim was "worth nothing." 2:13-bk-18727-GBN, Doc. 421. Even if that is not true, Appellant has not shown that the Trustee is likely to prevail in its suit against him, that he will be able to pay if a judgment for $2.46 million is entered against him, or that all of this is likely to occur before the Court renders a decision on his appeal. Thus, Appellant has not established that SSMO's claim against him makes up the shortfall between the company's assets and its debts, such that his equity interest is worth something.

Nor has Appellant show that his appeal is likely to be equitably mooted absent a stay. The Ninth Circuit recently clarified that a bankruptcy appeal is not rendered

equitably moot as long as it is "possible to devise an equitable remedy to at least partially address [the appellant's] objections without unfairly impacting third parties or entirely unraveling the plan." *In re Transwest Resort Props., Inc.*, 2015 WL 5332447 at * 1 (9th Cir. Sept. 15, 2015). Because SSMO is in the process of winding up and has no employees or customers, it is likely that an equitable remedy could be fashioned in the event of a successful appeal that would address Appellant's objections without unfairly impacting third parties. *Cf. In re Fleetwood Enterp.*, 2010 WL 960358 at *4 (C.D. Cal. Mar. 15, 2010) (no irreparable harm where stay applicant would be able to recover monetary damages in the event of a successful appeal).

In sum, Appellant is not entitled to a stay because he has not shown that such relief is necessary to prevent irreparable harm.

**IT IS ORDERED** that Appellant's motion for a stay (Doc. 2) is **denied**.

Dated this 30th day of October, 2015.

_____
David G. Campbell
United States District Judge

- 4 -